IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

**SHARON ANNETTE WEST,**

**Plaintiff,**

**v.**

**FORTIS INSURANCE COMPANY n/k/a TIME INSURANCE COMPANY,**

**Defendant.**

**Civil Action No. ______________**
**JURY DEMAND**

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1446(b), Defendant Fortis Insurance Company n/k/a Time Insurance Company ("Time") hereby gives notice of its removal of the above-referenced case to this Court and states as follows:

1. On February 28, 2007, the Plaintiff filed an Amended Complaint (the "Amended Complaint") against Time in Case No. 2537 (the "Lawsuit") in the Circuit Court for Warren County, Tennessee (the "State Court"). On March 9, 2007, Time first received the Summons and Amended Complaint by Notice of Service dated March 7, 2007 from the Tennessee Secretary of State. A copy of all pleadings received by Time to date are attached hereto collectively as *Exhibit "1"*. As reflected in ¶ 4 of the attached Motion to Amend filed by Plaintiff in the State Court, the Plaintiff did not serve Time with her original Complaint filed in the Lawsuit.

2. As reflected in ¶ 1 of the Amended Complaint, the Plaintiff is a citizen and resident of Warren County, Tennessee. As reflected in ¶ 4 of her Amended Complaint, Time is a Wisconsin corporation. Time's principal offices are located in Milwaukee, Wisconsin. Thus, diversity of citizenship exists between the parties to this Lawsuit.

3. A fair reading of the Amended Complaint reflects that the Plaintiff is seeking more than $75,000.00, exclusive of interest and costs.[1] In the prayer for relief in her Amended Complaint, the Plaintiff essentially alleges that she is entitled to a judgment against Time in the total principal amount of $80,250.00, plus discretionary costs, broken down as follows:

- "compensatory damages against Defendant for not more than Forty Thousand ($40,000.00) Dollars for breach of contract";
- "twenty-five percent (25%) percent of the compensatory damages" or $10,000.00 (25% of $40,000.00) "as a penalty against Defendant for denying the claim in bad faith in accordance with state law;"[2]
- "any attorney's fees . . . allowable under the law as a result of having to file this action," recovery of which is limited under applicable state law to 12.5% of the judgment or $6,250.00 (12.5% of $50,000.00);[3] and
- "punitive damages against Defendant for not more than Twenty-Four Thousand ($24,000.00) Dollars."[4]

---

[1] It must only be demonstrated "by a preponderance of the evidence that the amount in controversy requirement has been met. This standard 'does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement.'" *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001) (citation omitted)).

[2] The Tennessee Code provides in pertinent part that an insurer "shall be liable to pay the holder of the policy . . . , in addition to the loss and interest thereon, a sum not exceeding twenty-five percent (25%) on the liability for the loss." Tenn. Code Ann. § 56-7-105(a). "In determining the amount in controversy, courts may include penalties and statutory damages imposed by state law. In insurance cases, these items may be considered in addition to policy limits, punitive damages, interest and costs, and potential attorneys' fees. For example, when state law imposes statutory damages for failure to timely pay an insurance claim, the amount of the penalty may be included when ascertaining the amount in controversy." 15 *Moore's Federal Practice* § 102.106[6][b], at 102-184 (3d ed. 2006) (footnote and citations omitted). See, e.g., *Columbian Nat'l Life Ins. Co. v. Harrison*, 12 F.2d 986, 988 (6th Cir. 1926) (penalty under Tennessee Code may be added to policy loss in order to satisfy jurisdictional amount).

[3] The Tennessee Code provides in pertinent part that a plaintiff may recover "a reasonable attorney's fee and include such fee in any judgment" against an insurer "not [to] exceed twelve and one-half percent (12.5%) of the amount" of the judgment. Tenn. Code Ann. § 56-7-105(b). "When attorney's fees are provided for by state statute as an element of damages, courts also include them in calculating the jurisdictional amount." 14C C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure: Jurisdiction* § 3725, at 8 (Supp. 2006) (footnote omitted).

[4] "Punitive damages are properly considered in determining whether the amount in controversy exceeds the jurisdictional minimum." 15 *Moore's Federal Practice* § 102.106[4], at 102-176 (3d ed. 2006) (footnote omitted).

Thus, based on the allegations in the Complaint, the jurisdictional amount required under 28 U.S.C. § 1332(a) is satisfied in the instant case.

4. Consequently, this Court has original diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332, and this action is properly removable to this Court pursuant to 28 U.S.C. § 1441 *et seq.*

5. Contemporaneously herewith, Time is filing a Notice of Removal to Federal Court with the Clerk for the Circuit Court for Overton County, Tennessee, a copy of which is attached hereto as *Exhibit "2"*, pursuant to 28 U.S.C. § 1446(d).

Respectfully submitted,

Stephen H. Price
STITES & HARBISON, PLLC
424 Church Street, Suite 1800
Nashville, TN 37219-2376
Telephone: (615) 782-2232
Facsimile: (615) 742-7226
Email: stephen.price@stites.com

Counsel for Defendant
Fortis Insurance Company
n/k/a Time Insurance Company

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of April, 2007, a copy of the foregoing NOTICE OF REMOVAL was served via first-class U.S. mail, postage prepaid, upon the parties as indicated below. Parties may also access this filing through the Court's ECF system.

Ricky L. Stacy
STANLEY & BRATCHER
P.O. Box 568
McMinnville, TN 37111

Stephen H. Price