

**State of Tennessee**

**Department of State**

Division of Business Services
312 Eighth Avenue North
6th Floor Wm. R. Snodgrass Tower
Nashville, Tennessee 37243

<u>3/7/2007</u>
Date

7114 5464 3550 0094 6750
Certified Number

File No:    <u>2537</u>

Company:    **FORTIS INSURANCE COMPANY**

Name:

Agent/POE:    501 W. MICHIGAN STREET

Address:    P.O. BOX 3050
MILWAUKEE, WI 53201-3050

Country:

RE:    SHARON ANNETTE WEST

VS:    FORTIS INSURANCE COMPANY

### Notice of Service

The enclosed summons and attachments are hereby officially served upon you by the Office of the Tennessee Secretary of State pursuant to Tennessee Law. Please refer to the summons and attachments for details concerning the lawsuit filed against you. If you have any questions, please contact the clerk of the court which issued the summons. You can obtain the court's telephone number by calling information (area code) 555-1212. The name of the court and county where the court is located will be on the attached summons.

The summons will either tell you a court date and time at which you must appear to defend yourself or tell you the number of days from the day you are served within which you must file an answer upon the plaintiff's attorney. Failure to appear in court at the time specified or failure to answer the summons within the given time could result in a judgement by default being rendered against you for relief sought in the lawsuit.

The Secretary of State's Office cannot give you legal advice. If you need legal advice, please consult a private attorney.

Sincerely,

Riley C. Darnell

Riley C. Darnell
Secretary of State

enclosures
Initia  ADG
CC:

SS-4214 (Rev. 3/97)

**EXHIBIT**

RDA 1003

# STATE OF TENNESSEE
## CIRCUIT COURT OF WARREN COUNTY, TENNESSEE

SHARON ANNETTE WEST

PLAINTIFF

**FILED**

**CIVIL SUMMONS**

No. 2537

vs.

FEB 2 8 2007

FORTIS INSURANCE COMPANY
501 w. Michigan Street
P.O. Box 3050
Milwaukee, Wisconsin 53201-3050

Time_____ Initials Action: **COMPLAINT**
BERNADETTE W. MORRIS
CIRCUIT COURT CLERK, THE UNDERSIGNED CIRCUIT COURT
CLERK DO HEREBY CERTIFY THAT THIS IS
A TRUE AND CORRECT COPY OF THE
ORIGINAL OF THIS INSTRUMENT FILED

DEFENDANT

THIS___DAY OF February 2007
To the above named defendant: FORTIS INSURANCE COMPANY Bernis Morris
WARREN COUNTY CLERK

    You are hereby summoned and required to serve upon **RICKY L. STACY** plaintiff's
attorney, whose address is **Stanley & Bratcher, 100 West Main Street, McMinnville, TN
37110,** an answer to the complaint which is herewith served upon you within thirty (30) days
after service of this summons upon you, exclusive of the day of service, and file a copy of the
answer with this court within five (5) days after answer is made. If you fail to do so, judgement
by default will be taken against you for the relief demanded in the complaint.
    Witness, Bernadette W. Morris, Clerk of said Court, at office in McMinnville, Tennessee,
this _____ day of February_____, 2007.

Bernis Mor

BY: _____ , CLERK

_____ DEPUTY-CLERK

Received this _____ day of _____, 2007.

_____
SHERIFF-DEPUTY SHERIFF

_____

## RETURN OF SERVICE OF SUMMONS

    I hereby certify and return, that on the _____ day of _____, 20____, I
served this summons together with a copy of the complaint herein as follows:

_____
_____
_____

_____
SHERIFF-DEPUTY SHERIFF

THIS SUMMONS IS ISSUED PURSUANT TO RULE 4 OF THE TENNESSEE RULES OF CIVIL PRODEDURE.

RECEIVED
2007 MAR -5  PM 12: 26
SECRETARY OF STATE

RECEIVED
2007 MAR -5  PM 12: 26
SECRETARY OF STATE

# IN THE CIRCUIT COURT FOR WARREN COUNTY, TENNESSEE,

## AT MCMINNVILLE

SHARON ANNETTE WEST, )
     Plaintiff, )
               ) **FILED**
vs. )
               ) Case No.: <u>2537</u>
               FEB 2 8 2007 JURY DEMANDED
FORTIS INSURANCE COMPANY, )
     Defendant. )

BERNADETTE W. MORRIS
CIRCUIT COURT CLERK

## AMENDED COMPLAINT

Comes now the Plaintiff and would respectfully show unto this Honorable Court as follows:

    1.    Plaintiff, SHARON ANNETTE WEST, is a citizen and resident of Warren County, Tennessee.

    2.    Defendant, FORTIS INSURANCE COMPANY (hereinafter referred to as "FORTIS"), is a Wisconsin corporation that has conducted business in the State of Tennessee.

    3.    Defendant is subject to the jurisdiction of the courts of the state of Tennessee pursuant to the Tennessee long-arm statute, Tenn. Code Ann. § 20-2-214.

    4.    The events which give rise to this action occurred in Warren County, Tennessee, and thus venue is properly found in Warren County, Tennessee, pursuant to Tenn. Code Ann. § 20-4-101, et seq.

RILEY DARNELL
SECRETARY OF STATE

2007 MAR -5 PM 12: 26

STATE OF TENNESSEE
RECEIVED

I, THE UNDERSIGNED CIRCUIT COURT
CLERK DO HEREBY CERTIFY THAT THIS IS
A TRUE AND CORRECT COPY OF THE
ORIGINAL OF THIS INSTRUMENT FILED
THIS 28 DAY OF February 2007
Bernie Morris
WARREN COUNTY CLERK

5.  This cause of action arises out of the Defendant's intentional, fraudulent, malicious, and/or reckless bad faith denial of health insurance policy claims for examinations, procedures, and treatments received by Plaintiff.

6.  Plaintiff had a health insurance policy with Defendant that was effective beginning January 1, 2005.

7.  Beginning in May, 2005, Plaintiff underwent a series of examinations, procedures and treatments that ultimately resulted in surgery on or about July 12, 2005, while Plaintiff's insurance policy with Defendant was in effect.

8.  Following the series of examinations, procedures and treatments performed on Plaintiff, Plaintiff's health care providers submitted claims to Defendant on behalf of Plaintiff relating to the health insurance policy in effect between Plaintiff and Defendant.

9.  Plaintiff alleges that Defendant intentionally, fraudulently, maliciously, and/or recklessly denied in bad faith said claims submitted by Plaintiff's health care providers on behalf of the Plaintiff.

10.  On or about August 22, 2005, Defendant, through its agent Mary Buggs, sent to Plaintiff a letter stating that "[d]uring the course of your recent claim for benefits under the above policy, we received information regarding Sharon West. This prompted a review of Sharon West's medical history and medical records were obtained from Dr. David Watlington."

11.  Defendant's letter dated August 22, 2005, further states that "[i]n reviewing these medical records we discovered medical information that was not disclosed on your application for insurance. As you know, at the time you applied for coverage, we asked you to complete an application/enrollment form. Sharon West's eligibility for insurance coverage with our company was based on the information included in the application/enrollment form. We found

misrepresentation on questions 18E and 18N1 of the application/enrollment form. Had our underwriting Department been aware of this medical history at the time the application/enrollment form was approved, Sharon West's eligibility for insurance coverage with our company would have been affected."

12. Defendant's letter dated August 22, 2005, also states: "[i]n light of this additional information, the following adverse action would have been required at the time that your policy was issued. We are enclosing a Special Exception Rider(s) that excludes coverage for the treatment and/or conditions listed on the attached rider(s) from the **effective date of the policy.** We are enclosing an Amendment of Application for an additional Special Class Premium of 25%, due to Sharon West's medical history of Sarafem use. This Special Class Premium will be added from the **effective date of the policy.** Additionally, the preferred rating class will be removed. Please enclose a check in the amount of $843.93 to pay policy to October 1, 2005. This amount represents the back premium owed as a result of adding the Special Class Premium, and removing the preferred rating class. In addition, the new premium should be $377.57."

13. Question 18E of the application/enrollment form that Plaintiff submitted to Defendant pertaining to the health insurance policy in question asks the applicant to respond yes or no as to whether a proposed insured has "within the past ten years had any diagnosis of, received treatment for, or consulted with a physician concerning mental disease or nervous disorder including but not limited to any emotional disorder, anxiety, depression, attention deficit disorder, eating disorder, or psychiatric treatment or counseling."

14. Plaintiff's response to Question 18E of the application/enrollment form for the health insurance policy in question was "no."

15.     Neither Plaintiff nor any of Plaintiff's listed proposed insureds had ever received, at the time the completed application was submitted to Defendant, a diagnosis of, received treatment for, or consulted with a physician concerning mental disease or nervous disorder including but not limited to any emotional disorder, anxiety, depression, attention deficit disorder, eating disorder, or psychiatric treatment or counseling.

16.     Question 18N1 of the application/enrollment form that Plaintiff submitted to Defendant pertaining to the health insurance policy in question asks the applicant to respond yes or no as to whether a proposed insured has "within the past ten years had any diagnosis of, received treatment for, or consulted with a physician concerning any disorder of the reproductive organs, including but not limited to disorders of penis, testes, vagina, ovaries and cervix, uterus, diagnosed or treated for infertility or irregular menstruation."

17.     Plaintiff's response to Question 18N1 of the application/enrollment form for the health insurance policy in question was "no."

18.     Neither Plaintiff nor any of Plaintiff's listed proposed insureds had ever received, at the time the completed application was submitted to Defendant, a diagnosis of, received treatment for, or consulted with a physician concerning any disorder of the reproductive organs, including but not limited to disorders of penis, testes, vagina, ovaries and cervix, uterus, diagnosed or treated for infertility or irregular menstruation.

WHEREFORE PREMISES CONSIDERED, PLAINTIFF PRAYS THAT:

a.      Proper process issue and be served upon the Defendant (through the Secretary of State) requiring them to appear and answer this Complaint within the time required by law but their oath to their answer is expressly waived;

b.      Plaintiff be awarded a judgment of compensatory damages against Defendant for not more than Forty Thousand ($40,000.00) Dollars for breach of contract;

c.    Plaintiff be awarded a judgment of twenty-five (25%) percent of the compensatory damages as a penalty against Defendant for denying the claim in bad faith in accordance with state law;

d.    Plaintiff be awarded a judgment of punitive damages against Defendant for not more than Twenty-Four Thousand ($24,000.00) Dollars;

e.    Plaintiff be awarded a judgment for any attorney's fees and discretionary costs allowable under the law as a result of having to file this action;

f.    Plaintiff be allowed to amend this Complaint to conform with the proof as it is developed throughout the course of this litigation;

g.    That a jury be empaneled to try the issues in this cause; and

h.    Plaintiff be awarded all such other, further, and general relief to which she may show herself entitled upon a trial of this cause.

Respectfully submitted,

STANLEY & BRATCHER

BY: _~Rick Stacy~_
ATTORNEY FOR PLAINTIFF

Ricky L. Stacy, BPR #023032
ATTORNEY FOR PLAINTIFF

STANLEY & BRATCHER
100 West Main Street
P.O. Box 568
McMinnville, TN 37111
(931) 473-4922

## **COST BOND**

WE HEREBY ACKNOWLEDGE OURSELVES AS SURETIES FOR THE COST OF THIS CAUSE NOT TO EXCEED THE SUM OF $500.00.

STANLEY & BRATCHER

BY: _Ricky Stacy_
           Ricky L. Stacy

# IN THE CIRCUIT COURT FOR WARREN COUNTY, TENNESSEE,

## AT MCMINNVILLE

SHARON ANNETTE WEST,

      Plaintiff,

vs.

FORTIS INSURANCE COMPANY,

      Defendant.

**FILED**

AUG 2 5 2006

BERNADETTE W. MORRISE
CIRCUIT COURT CLERK

Case No.: 2537

JURY DEMANDED

---

## COMPLAINT

---

Comes now the Plaintiff and would respectfully show unto this Honorable Court as follows:

1.    Plaintiff, SHARON ANNETTE WEST, is a citizen and resident of Warren County, Tennessee.

2.    Defendant, FORTIS INSURANCE COMPANY (hereinafter referred to as "FORTIS"), is a corporation authorized to conduct business in the State of Tennessee.

3.    The events which give rise to this action occurred in Warren County, Tennessee, and thus venue is properly found in Warren County, Tennessee, pursuant to Tenn. Code Ann. § 20-4-101, et seq.

4.    This cause of action arises out of the Defendant's intentional, fraudulent, malicious, and/or reckless bad faith denial of health insurance policy claims for examinations, procedures, and treatments received by Plaintiff.

I, THE UNDERSIGNED CIRCUIT COURT CLERK DO HEREBY CERTIFY THAT THIS IS A TRUE AND CORRECT COPY OF THE ORIGINAL OF THIS INSTRUMENT FILED THIS 20th DAY OF February 2007

Bernie Morrison

WARREN COUNTY CLERK

5.     Plaintiff had a health insurance policy with Defendant that was effective beginning January 1, 2005.

6.     Beginning in May, 2005, Plaintiff underwent a series of examinations, procedures and treatments that ultimately resulted in surgery on or about July 12, 2005, while Plaintiff's insurance policy with Defendant was in effect.

7.     Following the series of examinations, procedures and treatments performed on Plaintiff, Plaintiff's health care providers submitted claims to Defendant on behalf of Plaintiff relating to the health insurance policy in effect between Plaintiff and Defendant.

8.     Plaintiff alleges that Defendant intentionally, fraudulently, maliciously, and/or recklessly denied in bad faith said claims submitted by Plaintiff's health care providers on behalf of the Plaintiff.

9.     On or about August 22, 2005, Defendant, through its agent Mary Buggs, sent to Plaintiff a letter stating that "[d]uring the course of your recent claim for benefits under the above policy, we received information regarding Sharon West. This prompted a review of Sharon West's medical history and medical records were obtained from Dr. David Watlington."

10.     Defendant's letter dated August 22, 2005, further states that "[i]n reviewing these medical records we discovered medical information that was not disclosed on your application for insurance. As you know, at the time you applied for coverage, we asked you to complete an application/enrollment form. Sharon West's eligibility for insurance coverage with our company was based on the information included in the application/enrollment form. We found misrepresentation on questions 18E and 18N1 of the application/enrollment form. Had our underwriting Department been aware of this medical history at the time the

application/enrollment form was approved, Sharon West's eligibility for insurance coverage with our company would have been affected."

11.    Defendant's letter dated August 22, 2005, also states: "[i]n light of this additional information, the following adverse action would have been required at the time that your policy was issued. We are enclosing a Special Exception Rider(s) that excludes coverage for the treatment and/or conditions listed on the attached rider(s) from the **effective date of the policy.** We are enclosing an Amendment of Application for an additional Special Class Premium of 25%, due to Sharon West's medical history of Sarafem use. This Special Class Premium will be added from the **effective date of the policy.** Additionally, the preferred rating class will be removed. Please enclose a check in the amount of $843.93 to pay policy to October 1, 2005. This amount represents the back premium owed as a result of adding the Special Class Premium, and removing the preferred rating class. In addition, the new premium should be $377.57."

12.    Question 18E of the application/enrollment form that Plaintiff submitted to Defendant pertaining to the health insurance policy in question asks the applicant to respond yes or no as to whether a proposed insured has "within the past ten years had any diagnosis of, received treatment for, or consulted with a physician concerning mental disease or nervous disorder including but not limited to any emotional disorder, anxiety, depression, attention deficit disorder, eating disorder, or psychiatric treatment or counseling."

13.    Plaintiff's response to Question 18E of the application/enrollment form for the health insurance policy in question was "no."

14.    Neither Plaintiff nor any of Plaintiff's listed proposed insureds had ever received, at the time the completed application was submitted to Defendant, a diagnosis of, received treatment for, or consulted with a physician concerning mental disease or nervous disorder

including but not limited to any emotional disorder, anxiety, depression, attention deficit disorder, eating disorder, or psychiatric treatment or counseling.

15.     Question 18N1 of the application/enrollment form that Plaintiff submitted to Defendant pertaining to the health insurance policy in question asks the applicant to respond yes or no as to whether a proposed insured has "within the past ten years had any diagnosis of, received treatment for, or consulted with a physician concerning any disorder of the reproductive organs, including but not limited to disorders of penis, testes, vagina, ovaries and cervix, uterus, diagnosed or treated for infertility or irregular menstruation."

16.     Plaintiff's response to Question 18N1 of the application/enrollment form for the health insurance policy in question was "no."

17.     Neither Plaintiff nor any of Plaintiff's listed proposed insureds had ever received, at the time the completed application was submitted to Defendant, a diagnosis of, received treatment for, or consulted with a physician concerning any disorder of the reproductive organs, including but not limited to disorders of penis, testes, vagina, ovaries and cervix, uterus, diagnosed or treated for infertility or irregular menstruation.

WHEREFORE PREMISES CONSIDERED, PLAINTIFF PRAYS THAT:

a.      Proper process issue and be served upon the Defendant (through the Commissioner of Insurance) requiring them to appear and answer this Complaint within the time required by law but their oath to their answer is expressly waived;

b.      Plaintiff be awarded a judgment of compensatory damages against Defendants for not more than Forty Thousand ($40,000.00) Dollars for breach of contract;

c.      Plaintiff be awarded a judgment of twenty-five (25%) percent of the compensatory damages as a penalty against Defendant for denying the claim in bad faith in accordance with state law;

d.    Plaintiff be awarded a judgment of punitive damages against Defendant for not more than Three Hundred Fifty Thousand ($350,000.00) Dollars;

e.    Plaintiff be awarded a judgment for any attorney's fees and discretionary costs allowable under the law as a result of having to file this action;

f.    Plaintiff be allowed to amend this Complaint to conform with the proof as it is developed throughout the course of this litigation;

g.    That a jury be empaneled to try the issues in this cause; and

h.    Plaintiffs be awarded all such other, further, and general relief to which they may show themselves entitled upon a trial of this cause.

Respectfully submitted,

STANLEY & BRATCHER

BY: _____
ATTORNEY FOR PLAINTIFF

Ricky L. Stacy, BPR #023032
ATTORNEY FOR PLAINTIFF

STANLEY & BRATCHER
100 West Main Street
P.O. Box 568
McMinnville, TN 37111
(931) 473-4922

## COST BOND

WE HEREBY ACKNOWLEDGE OURSELVES AS SURETIES FOR THE COST OF

THIS CAUSE NOT TO EXCEED THE SUM OF $500.00.

STANLEY & BRATCHER

BY: _Rich St_____
Ricky L. Stacy

# IN THE CIRCUIT COURT FOR WARREN COUNTY, TENNESSEE,

## AT MCMINNVILLE

FILED

JAN 2 2 2007

Time_____ Initials____
BERNADETTE W. MORRIS
CIRCUIT COURT CLERK

SHARON ANNETTE WEST,  )
)
     Plaintiff,  )
)
vs.  )   Case No.: 2552
)   JURY DEMANDED
FORTIS INSURANCE COMPANY,  )
)
     Defendant.  )

## MOTION TO AMEND

     Plaintiff SHARON ANNETTE WEST, by and through counsel and pursuant to Rule 15.01 of the Tennessee Rules of Civil Procedure, moves this Court for an Order allowing her to file an Amended Complaint in this action. As grounds for this motion, Plaintiff SHARON ANNETTE WEST would show this Court as follows:

     1.    The original Complaint was filed on August 25, 2006.

     2.    Service of process was attempted through the Tennessee Commissioner of Insurance.

     3.    The office of the Tennessee Commissioner of Insurance returned the service of process and original Complaint and indicated by letter that the Commissioner's office did not have the authority to accept service on behalf of FORTIS INSURANCE COMPANY.

     4.    Defendant as of the filing of this Motion to Amend had not been served with the original Complaint.

I, THE UNDERSIGNED CIRCUIT COURT CLERK DO HEREBY CERTIFY THAT THIS IS A TRUE AND CORRECT COPY OF THE ORIGINAL OF THIS INSTRUMENT FILED THIS 20 DAY OF February 2007
Bernie Morris
WARREN COUNTY CLERK

RECEIVED

2007 MAR -5 PM 12: 25

BILL DANNELL
SECRETARY OF STATE

5.    Other material information has come to Plaintiff's attention since the filing of the original Complaint, which necessitates amending the original Complaint.

Respectfully submitted,

STANLEY & BRATCHER

BY: _Rick Stacy_
ATTORNEY FOR PLAINTIFF

Ricky L. Stacy, BPR #023032
ATTORNEY FOR PLAINTIFF

STANLEY & BRATCHER
100 West Main Street
P.O. Box 568
McMinnville, TN 37111
(931) 473-4922

## Notice of Hearing

It is anticipated that this matter will be called for hearing on **February 13, 2007, at 9:00 a.m.** or as soon thereafter as counsel may be heard.

_Rick Stacy_
Ricky L. Stacy

# IN THE CIRCUIT COURT FOR WARREN COUNTY, TENNESSEE,

## AT MCMINNVILLE

SHARON ANNETTE WEST,

        Plaintiff,

vs.

      Case No.: 2537

FORTIS INSURANCE COMPANY,

        Defendant.

**FILED**

FEB 2 7 2007

Time_____ Initials_____

BERNADETTE W. MORRIS
CIRCUIT COURT CLERK

---

## ORDER

---

This cause came to be heard on the 27th day of February, 2007, before the Honorable

Larry B. Stanley, Jr., Judge of and for the Circuit Court for Warren County, Tennessee, upon

Plaintiff's Motion to Amend, statements of counsel, and the entire record as a whole, it is

therefore,

ORDERED, ADJUDGED and DECREED as follows:

    1.    That Plaintiff SHARON WEST shall be allowed to amend her original

Complaint.

    ENTER this the **27** day of **February**, 2007.

_____
JUDGE

I, THE UNDERSIGNED CIRCUIT COURT
CLERK DO HEREBY CERTIFY THAT THIS IS
A TRUE AND CORRECT COPY OF THE
ORIGINAL OF THIS INSTRUMENT FILED
THIS 27th DAY OF February 2007

Bernie Morris
WARREN COUNTY CLERK

APPROVED FOR ENTRY:

_Rick Stacy_ (signature)

Ricky L. Stacy, BPR #023032
Attorney for Plaintiff
STANLEY & BRATCHER
100 West Main Street
McMinnville, TN 37110
(931) 473-4922

RECEIVED
SECRETARY OF STATE

2007 MAR -5 PM 12: 25

RILEY DARRELL
SECRETARY OF STATE

RECEIVED
SECRETARY OF STATE

2007 MAR -5 PM 12: 25

RILEY DARRELL
SECRETARY OF STATE



State of Tennessee
Department of State
Division of Business Services
312 Eighth Avenue North
6th Floor, William R. Snodgrass Tower
Nashville, TN 37243

UNITED STATES
POSTAL SERVICE®

7114 5444 3550 0094 6750

**CERTIFIED MAIL**

FORTIS INSURANCE COMPANY
501 W. MICHIGAN STREET
P.O.BOX 3050
MILWAUKEE, WI 53201-3050



02 1A
0004329321
MAILED FROM ZIP CODE 37243

UNITED STATES POSTAGE
$ 05.36°
PITNEY BOWES
MAR 07 2007



RECEIVED 5
MAR 0 9 2007
INCOMING MAIL