UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | |
|---|---|
| SHARON ANNETTE WEST, | ) |
| *Plaintiff,* | ) |
| | ) Case No. 4:07-cv-19 |
| v. | ) |
| | ) Judge Mattice |
| FORTIS INSURANCE COMPANY, | ) |
| *Defendant.* | ) |

## **ORDER**

Plaintiff filed the instant action on February 28, 2007, in the Circuit Court for Warren County, Tennessee, bringing various causes of action against Defendant Fortis Insurance Company. [Court Doc. No. 1-2.] On April 6, 2007, Defendant removed the case to this Court on the basis of the Court's diversity jurisdiction under 28 U.S.C. § 1332. On May 2, 2007, the parties filed a Joint Motion and Agreed Order of Dismissal and Remand [Court Doc. No. 4]. In such Joint Motion, the parties agreed to dismiss with prejudice all of Plaintiff's claims except for her claim for "a judgment of compensatory damages against Defendant for not more than Forty Thousand ($40,000.00) Dollars for breach of contract." Further, given the nature of the only remaining claim, the parties requested that the case be remanded to state court.

It is settled law that the determination of subject matter jurisdiction in a diversity case is made at the time of the removal of the case from state court. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). Further, the U.S. Supreme Court has held that "events occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district

court's jurisdiction once it has attached." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938). The Court explained that such a result was necessary to remove the possibility that "the defendant's supposed statutory right of removal would be subject to the plaintiff's caprice. The claim, whether well or ill founded in fact, fixes the right of the defendant to remove, and the plaintiff ought not to be able to defeat that right and bring the cause back to state court at his election." *Id.* at 294. Similarly, the U.S. Court of Appeals for the Sixth Circuit has held that "a post-removal stipulation reducing the amount in controversy to below the jurisdictional limit does not require remand to state court." *Rogers*, 230 F.3d at 872. Again, such a rule is necessary because, "[i]f plaintiffs were able to defeat jurisdiction by way of a post-removal stipulation, they could unfairly manipulate proceedings merely because their federal case begins to look unfavorable." *Id.*

In the case at bar, at the time of removal, subject matter jurisdiction existed because the parties were citizens of different states and the amount in controversy exceeded $75,000. *See* 28 U.S.C. § 1332. The parties' agreed order of dismissal that is now before the Court would reduce the amount recoverable to only $40,000. Pursuant to *St. Paul Mercury Indemnity* and *Rogers*, such agreed order would not remove the Court's subject matter jurisdiction, which was fixed at the time of removal.

The Court notes, however, that the policy considerations behind the rules explained in *St. Paul Mercury Indemnity* and *Rogers* do not apply to this action because Plaintiff is not manipulating the proceeding or usurping Defendant's statutory right of removal; on the contrary, Defendant joins in Plaintiff's agreed order of dismissal and motion to remand. Accordingly, because *St. Paul Mercury Indemnity* and *Rogers* do not specifically prohibit

the remand of cases in which post-removal events reduce the amount recoverable, and because the parties in this case jointly seek remand, thereby removing the policy considerations present in *St. Paul Mercury Indemnity* and *Rogers*, the Court will permit remand in this particular instance.

It is ordered that the parties' Joint Motion [Court Doc. No. 4] is **GRANTED** to the extent it seeks the dismissal of all of Plaintiff's claims except for her claim for "a judgment of compensatory damages against Defendant for not more than Forty Thousand ($40,000.00) Dollars for breach of contract," and such claims are hereby **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(a)(2). Further, this action is hereby **REMANDED** to the Circuit Court for Warren County, Tennessee. The Clerk is directed to mail a certified copy of this order to the clerk of the Circuit Court for Warren County, Tennessee.

The Clerk is further directed to close the file in this case.

SO ORDERED this 29th day of May, 2007.

                                                */s/Harry S. Mattice, Jr.*
                                                HARRY S. MATTICE, JR.
                                                UNITED STATES DISTRICT JUDGE